UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TY COLLINS | CIVIL ACTION |
| VERSUS | NUMBER 09-3933 |
| N BURL CAIN, ET AL | SECTION "F" |

**ORDER & REASONS**

Before the Court is Ty Collins' 28 U.S.C. § 2254 motion for post-conviction relief. Upon review of the record, along with the parties' memoranda, the Court has determined that this matter can be disposed of without an evidentiary hearing. See id. § 2254(e)(2). For the following reasons, the motion is DENIED.

**Background**

Ty Collins moves for post-conviction relief on his conviction of two counts of armed robbery for a hold-up of a Burger King in Destrehan, Louisiana in 1999. The victims of that hold-up were Mattie Holmes, a Burger King employee who was approached by two gunmen outside of the Burger King while she was taking out the trash, and John Carroll, the store's assistant manager, who was struck in the head with a gun and shot twice. Carroll also broke his ankle.

Some time in 2000, a grand jury charged Collins, along with three co-conspirators, with the attempted second-degree murder of Carroll in violation of LA. REV. STAT. ANN. § 14:27/30.1 and with conspiracy to commit the second-degree murder of Carroll in

1

violation of LA. REV. STAT. ANN. § 14:26/27/30.1.  In either January or July 2000,[1] the Assistant District Attorney for the 29th Judicial District Court amended the indictment by hand to replace those two counts with two counts of armed robbery in violation of LA. REV. STAT. ANN. § 14:64.  In the second count, Carroll's name was crossed out, and Mattie Holmes' name was written in its place.

On August 24, 2000, a jury convicted Collins of both counts of armed robbery in a 10-2 vote.  The court sentenced Collins to two concurrent terms of 99 years at hard labor without the benefit of parole.  His appeal to the Louisiana Fifth Circuit Court of Appeal was unsuccessful, and the Louisiana Supreme Court denied writ on October 3, 2003.  See State v. Collins, 833 So.2d 476 (La. App. 5 Cir. 2002), writ denied, 855 So.2d 307 (La. 2003).  Ninety days later, on January 1, 2004, Collins' conviction became final.

Collins filed a motion for post-conviction relief with the state court on September 30, 2004.  The trial court denied his petition on March 27, 2008, finding that the District Attorney was within his right to amend the indictment to charge a lesser offense well before the trial date.  The trial court found no prejudice because both charge arose from the same factual incident, and Collins had filed a speedy trial motion indicating he was prepared for trial.  The state trial court further found that the District

---

[1] Two dates are hand-written on the indictment, January 19, 2000 and July 25, 2000.  It is unclear on which date the amendments in question took place.

2

Attorney was within his authority to amend the indictment to correct the victim's name, particularly since it did not prejudice the petitioner, in light of the fact that he was clearly identified as the culprit.

The Louisiana Fifth Circuit Court of Appeal denied writ on June 12, 2008, agreeing with the trial court's rationale. Collins v. Cain, No. 08-KH-441, slip op. at 1 (La. App. 5 Cir. June 12, 2008). The Louisiana Supreme Court denied writ on April 24, 2009 without explanation. State ex. rel. Collins v. State, 7 So.3d 1196 (La. 2009).

Collins filed for relief with this Court on July 17, 2009. He charges ineffective assistance of counsel based on his counsel's failure to object to the State's amendment of the indictment to charge two counts of armed robbery and to add Mattie Holmes as a victim.[2]

## **Law & Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided

---

[2] The State, in its response, concedes, and this record confirms, that Collins' petition is timely and that he has exhausted his state court remedies as required under Rose v. Lundy, 455 U.S. 509 (1982).

3

that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (emphasis added).

This motion, alleging ineffective assistance of counsel, presents a question of law. As to questions of law, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685 (2002) (citations omitted).

Here this standard is not satisfied because petitioner's

4

motion involves questions which turn purely on interpretation of state law. The U.S. Supreme Court has not incorporated the Fifth Amendment against the states. See <u>Hurtado v. Calif.</u>, 110 U.S. 516 (1884). Therefore the Fifth Amendment's command that criminal cases be commenced by indictment or presentment, and the Supreme Court case law interpreting this mandate, do not apply to petitioner's claims. They were not relied on by the state courts. This Court therefore lacks authority to grant the petitioner's motion.[3]

---

[3] And even so, petitioner's motion appears to lack merit under Louisiana law. The Louisiana Constitution requires that felony prosecutions commence by indictment or information. LA. CONST. art. 1 § 15. Once an indictment or information has issued, Article 487 of the Louisiana Code of Criminal Procedure allows the trial court to order it "amended with respect to a defect of substance." LA. CODE CRIM. P. art. 487; accord <u>State v. Crochet</u>, 931 So.2d 1083 (La. 2006); see <u>State v. Sheppard</u>, 350 So.2d 615, 627 (La. 1977) (approving amendment to statute under which charged); <u>State v. Sanders</u>, 648 So.2d 1272, 1283 (La. 1994) (approving amendment of indictment to add a second count of first-degree murder where indictment originally included only one count which listed both victims). And, "[w]hen there is a variance between the allegations of an indictment or bill of particulars which state the particulars of the offense, and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance, and then admit the evidence." LA. CODE CRIM. P. art. 488. But, "[i]f it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time." LA. CODE CRIM. P. art. 489. A continuance, rather than an objection, is the proper remedy under Louisiana law. <u>State v. Williams</u>, 15 So.3d 348 (La. App. 2 Cir. 2009); see <u>State v. Moliere</u>, 941 So.2d 61, 62 (La. App. 4 Cir. 2006)(finding that where indictment amended before trial and defendant voiced no objections, no prejudice); see also LA. CODE CRIM. P. art. 532 (Where indictment fails to conform to statutory

IT IS THEREFORE ORDERED: The petitioner's motion is DENIED.

New Orleans, Louisiana, September 1, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

requirements, "the court may permit the district attorney to amend the indictment to correct the defect."). Cf. LA. CODE CRIM. P. art. 464 ("Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.").

Under that rationale, a Louisiana appellate court upheld a conviction, even though the state upgraded a false imprisonment charge from a misdemeanor to a felony, which required proof of the use of a weapon, because the trial court granted the defendant a continuance which in turn allowed him additional time to prepare for his defense on the amended charge. Id. at 354.

Here, in light of the fact that there was either a one-month or seven-month delay between the amendment and Collins' trial, giving petitioner's counsel no impetus to request a continuance to avoid prejudice, and also considering that the evidence in this case overwhelmingly supported an indictment or information for two counts of armed robbery involving the two victims named, the Court cannot say that the failure of Collins' counsel's inaction "f[e]ll[] below an objective standard of reasonableness," so as to sustain his claim of ineffective assistance of counsel. See Little, 162 F.3d at 860.